IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


CLARENCE EUGENE JONES,                          CV 02-1639-BR

         Plaintiff,                             OPINION AND ORDER

v.

COLEEN CLEMENTE, in her individual and
official capacity as disciplinary
hearings officer; R. H. SCHIEDLER, in
his individual and official capacity as
Superintendent of Two Rivers Correctional
Institution; and REBECCA PRINSLOW, in her
individual and official capacity as
Inspector General,

         Defendants.


CLARENCE EUGENE JONES
S.I.D. No. 3168028
89211 Beach Access Road
Umatilla, OR  97882

         Plaintiff, *Pro se*


1 - OPINION AND ORDER

**DOUGLAS R. ANDRES**
**JOHN M. KREUTZER**
Bullivant Houser Bailey PC
888 S.W. Fifth Avenue, Suite 300
Portland, OR  97204
(503) 228-6351

**HARDY MYERS**
Attorney General
**LEONARD W. WILLIAMSON**
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR  97301
(503) 378-6313

   Attorneys for Defendants


**BROWN, Judge.**

  This matter comes before the Court on Defendants' Motion for Summary Judgment - Relief (#92).

  For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion.


<u>**PROCEDURAL BACKGROUND**</u>

  On July 14, 2003, Defendants filed their first Motion for Summary Judgment.  In their initial Motion, Defendants argued a single theory:  They were entitled to qualified immunity from Plaintiff's alleged constitutional violations.

  On November 17, 2004, the Court found Defendants had violated Plaintiff's right to due process by disciplining him for Assault I without any evidence that Plaintiff caused physical

2 - OPINION AND ORDER

injury to a corrections officer.  The Court found Plaintiff's due-process right was well-established, and, therefore, Defendants were not entitled to qualified immunity.

On May 14, 2004, Plaintiff filed his Amended Civil Rights Complaint pursuant to 42 U.S.C. § 1983.  As he does in his original Complaint, Plaintiff alleges Defendants violated his right to due process under the Fourteenth Amendment to the United States Constitution and seeks nominal, compensatory, and punitive damages.  In addition, Plaintiff seeks declaratory and injunctive relief.  It does not appear Defendants have filed an Answer to Plaintiff's Amended Complaint.

On April 12, 2005, Defendants filed a Motion for Leave to File Summary Judgment - Damages.  Defendants sought leave to file a second summary-judgment motion specifically to address two issues relevant to Plaintiff's claims for damages: 1) Plaintiff's action for damages no longer presents an actual case or controversy under Article III of the United States Constitution because, after the Court's November 17, 2004, Opinion and Order, Defendants purged Plaintiff's disciplinary record of the improper Assault I charge and vacated the sanctions imposed and 2) the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(e), bars Plaintiff from recovering monetary damages for a purely emotional injury.

On May 2, 2005, the Court granted Defendants' Motion and

ruled "it would be helpful to resolve in advance of trial the merits of the parties' opposing positions concerning Plaintiff's claims for damages."

On May 20, 2005, Defendants filed their second Motion for Summary Judgment.  In addition to the two arguments specifically identified in their Motion for Leave, Defendants also assert a third argument:  Defendant Colleen Clemente is entitled to absolute, quasi-judicial immunity.


## FACTS

Defendant relies almost entirely on the facts as stated in the Court's Opinion and Order issued on November 17, 2004. Accordingly, the Court incorporates those facts without repeating them here.

In addition, Defendants assert Plaintiff's institutional conviction for Assault I has been removed from his record, and all sanctions imposed as a result of that conviction have been reversed.


## STANDARDS

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  The moving party must show the absence of an issue of material fact.  *Leisek*

4 - OPINION AND ORDER

*v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002).  In
response to a properly supported motion for summary judgment, the
nonmoving party must go beyond the pleadings and show there is a
genuine issue of material fact for trial.  *Id*.

An issue of fact is genuine "'if the evidence is such that a
reasonable jury could return a verdict for the nonmoving party.'"
*Villiarmo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th
Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,
248 (1986)).  The court must draw all reasonable inferences in
favor of the nonmoving party.  *Id*.  A mere disagreement about a
material issue of fact, however, does not preclude summary
judgment.  *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir.
1990).  When the nonmoving party's claims are factually
implausible, that party must come forward with more persuasive
evidence than otherwise would be required.  *Blue Ridge Ins. Co.
v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir. 1998) (citation
omitted).

The substantive law governing a claim or a defense
determines whether a fact is material.  *Addisu v. Fred Meyer,
Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).  If the resolution of
a factual dispute would not affect the outcome of the claim, the
court may grant summary judgment.  *Arpin v. Santa Clara Valley
Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).

## DISCUSSION

### I.  The Case or Controversy Requirement

Defendants argue Plaintiff's action should be dismissed because it no longer presents a live case or controversy; *i.e.*, Plaintiff's action is moot.

"Article III of the United States Constitution requires the existence of a live case or controversy throughout all stages of federal judicial proceedings." *LGS Architects, Inc. v. Concordia Homes of Nev.*, 434 F.3d 1150, 1153 (9th Cir. 2006).  "To avoid mootness, the court must determine that the issues in a case remain live and that the parties continue to have a legally cognizable interest in the outcome throughout the proceeding." *S. Or. Barter Fair v. Jackson County, Or.*, 372 F.3d 1128, 1133 (9th Cir. 2004)(citations omitted).  "The party asserting mootness bears the burden of establishing that there is no effective relief remaining that the court could provide." *Id.* at 1134.

Defendants contend their reversal of the unconstitutional disciplinary action renders this case moot.  Nevertheless, Defendants concede Plaintiff is entitled to recover nominal damages due to Defendants' violation of Plaintiff's constitutional right to due process and also concede Plaintiff is entitled to recover his costs for bringing this litigation. Defendants' concessions, however, are not consistent with their

6 – OPINION AND ORDER

assertion that this matter no longer presents an actual controversy.

Defendants rely on two unpublished decisions:  one from the Tenth Circuit and one from the Northern District of California. Even if the Court considers these unpublished decisions, neither of these cases stands for the proposition that a § 1983 claim for damages arising from a constitutional violation is rendered moot when the defendant reverses the unconstitutional action.

In *Lira v. Director of Corrections for the State of California*, the court addressed a prisoner's habeas petition challenging prison disciplinary action and concluded "[a] prisoner seeking to challenge prison disciplinary proceedings in habeas must demonstrate that continuing collateral consequences exist if the punishment imposed as a result of the disciplinary action has expired."  No. C 03-3772 SI, 2004 WL 47632, at *2 (N.D. Cal. June 15, 2004).  Notably, the court did not address a prisoner's action for damages brought pursuant to § 1983.

In *Harris v. Chabries,* the court dismissed an inmate's § 1983 action for failure to state a claim.  No. 04-4139, 2004 WL 2407220 (10th Cir. Oct. 28, 2004).  The *Harris* court, however, does not address Article III requirements and, as a result, the case does not address Defendants' arguments here.

This Court has jurisdiction to determine the proper measure of damages Plaintiff is entitled to recover due to Defendants'

violation of his constitutional rights.  Accordingly, on this
record, the Court concludes Plaintiff's claims for damages
continue to present a live controversy and are not moot, and,
therefore, there is not any basis to grant summary judgment to
Defendants for lack of a justiciable case or controversy.

Defendants also argue Plaintiff's claims for injunctive
relief are moot.  The issue of injunctive relief, however, is
outside the scope of the issues the Court specifically granted
Defendants leave to raise in their second summary judgment
motion.  In fact, Defendants stated in their Motion for Leave to
file a second summary judgment motion that the issue of
injunctive relief would be addressed on completion of the damages
motion.

Accordingly, the Court does not reach Defendants' arguments
concerning Plaintiff's claims for injunctive relief.

## II.  The PLRA

Defendants argue the PLRA bars Plaintiff's claim for
compensatory damages.  42 U.S.C. § 1997e(e) provides:

> No Federal civil action may be brought by a
> prisoner confined in a jail, prison, or other
> correctional facility, for mental or
> emotional injury suffered while in custody
> without a prior showing of physical injury.

Section 1997e(e), however, does not bar claims for nominal or
punitive damages nor claims for compensatory damages that are not
based on alleged mental or emotional injury.  *Oliver v. Keller*,

8 - OPINION AND ORDER

289 F.3d 623, 630 (9th Cir. 2002).

The Court notes Plaintiff does not allege he has suffered any physical injury.  Thus, only to the extent Plaintiff's claim for compensatory damages includes a claim for mental or emotional injury (and it is not clear from his Amended Complaint that he does), the Court finds that claim is barred.

**III. Judicial Immunity**

Defendant Colleen Clemente argues for the first time in Defendants' second Motion for Summary Judgment that she is entitled to absolute, quasi-judicial immunity for her conduct in her role as a disciplinary hearings officer for the Oregon Department of Corrections.

Clemente, however, did not seek leave to raise this issue nor did she raise this issue when she initially moved for summary judgment on the basis of qualified immunity.  Moreover, judicial immunity is an affirmative defense.  *Boyd v. Carroll*, 624 F.2d 730, 732 (5th Cir. 1980).  *See also Evans v. McKay*, 869 F.2d 1341, 1348 fn.8 (9th Cir. 1989)(qualified immunity is an affirmative defense that must be pleaded).  Clemente also failed to assert absolute judicial immunity as an affirmative defense.  Failure to plead judicial immunity as an affirmative defense waives the defense.  *Boyd,* 624 F.2d at 733.  In any event, the Court notes disciplinary hearings officers have not been accorded absolute judicial immunity in the Ninth Circuit.  *See, e.g.,*

9 - OPINION AND ORDER

*Serrano v. Francis*, 345 F.3d 1071 (9th Cir. 2003)(finding prison disciplinary hearings officer entitled to qualified immunity).

Accordingly, and in the exercise of its discretion, the Court declines to address Clemente's judicial immunity arguments.

## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion for Summary Judgment - Relief (#92).

In order to set this matter for trial and to determine other case management dates, the Court will hold a Rule 16 conference by telephone at 10:30 a.m. on April 17, 2006.

IT IS SO ORDERED.

DATED this 27th day of March, 2006.


                                    /s/ Anna J. Brown
                              _____
                              ANNA J. BROWN
                              United States District Judge


10 - OPINION AND ORDER